PITTMAN, Justice, for the Court:
On August 29, 1991, Martha Kimbrough Barnwell (hereinafter “Barnwell”) filed a petition for probate of a certain instrument of writing purporting to be the Last Will & Testament of Ida Kimbrough, and asked that Letters Testamentary be granted. The writing, which Barnwell exhibited as the Last Will & Testament of Ida Kimbrough, was dated June 4,1986, and left Ida Kimbrough’s one-half interest in a tract of land known as Leflore Point to Mack Kimbrough. The purported will left all of Ida Kimbrough’s interest in a tract of land known as Uncle Holmes Place to her daughter Barnwell and the rest and residue of her property to her two daughters, Barnwell and Helen Kimbrough Clarke (hereinafter “Clarke”). An order was signed on June 22,1990, admitting the will to probate and granting Letters Testamentary to Barnwell.
On January 30, 1991, Mack Kimbrough filed a caveat against the probate of the above mentioned will of Ida Kimbrough. In support of his caveat, Mack Kimbrough exhibited to the court three wills, all of which were dated after the will which had been exhibited to probate by Barnwell. In his caveat, Mack Kimbrough requested that the Chancery Court make up an issue of devisa-vit vel non on each of the three wills before accepting the 1986 will exhibited by Barn-well. Mack Kimbrough also moved the court to enter an order transferring the cause to the Chancery Court of Hinds County, Mississippi. On June 7, 1991, Mack Kimbrough filed a Petition to Probate the holographic will of Ida Kimbrough dated October 21, 1989. On August 16, 1991, upon an agreed order signed by counsel for Mack Kimbrough and for Barnwell and Clarke, the venue for this action was changed to the Chancery Court for the First Judicial District of Hinds County.
The matter came on for trial on August 3 through August 6, 1992. The jury was presented with testimony as to the facts and circumstances surrounding the making and execution of the will of Ida Kimbrough dated June 4, 1986 and the holographic wills executed by Ida Kimbrough dated January 18, 1989, May 9, 1989, and October 21, 1989. Mack Kimbrough contended that, if the jury found that any of the three holographic wills executed by Ida Kimbrough after June 4, 1986, were valid, then the 1986 will probated by Barnwell would be revoked. It was stipulated by the parties during trial that all of the wills propounded by the parties were duly executed and in the proper form to be admitted as the Last Will & Testament of Ida Kimbrough. The parties also stipulated that at all times prior to Ida Kimbrough’s death on June 4, 1990, Mrs. Kimbrough had the necessary testamentary capacity required by law to make and execute a valid will.
Therefore, the only question that was properly before the jury at the conclusion of trial was whether any of the three holographic wills propounded by Mack Kimbrough, or the will dated June 4, 1986 propounded by Barnwell and Clarke, resulted from undue influence over the testatrix.
*801 At the conclusion of the trial, the jury heard oral arguments of counsel and retired to deliberate. On August 6, 1992, the jury returned a verdict in favor of the will dated June 4, 1986. An order was entered on August 17, 1992 that the Last Will & Testament of June 4, 1986 was the valid Last Will & Testament of Ida Kimbrough. Mack Kim-brough filed a motion for a new trial on August 14, 1992. On September 14, 1992, the chancellor rendered a written opinion denying the post-trial relief sought by Mack Kimbrough. As Mack Kimbrough was aggrieved by the chancellor’s order that the will of June 4, 1986, is the valid Last Will & Testament of Ida Kimbrough and of the chancellor’s order overruling his motion for a new trial, he perfected appeal to this Court.
Barnwell and Clarke assert that Mack Kimbrough is procedurally barred from review by this Court because the notice of appeal was not timely filed. The relevant time frame pertaining to this issue is as follows:
August 18,1992 Kimbrough files a Motion for a New Trial
August 31,1992 Notice of Appeal to this Court
September 15,1992 Motion for a New Trial is overruled by Order
Rule 4(d) of the Mississippi Supreme Court Rules reads as follows:
(d) Post-trial Motions in Civil Cases. If a timely motion is filed in the Trial Court by any party ... under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the Order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
Miss. Sup.Ct. R. 4(d)(emphasis added). Rule 2(a)(1) of the Mississippi Supreme court Rules reads as follows:
(a) Dismissal of Appeal.
(1) Mandatory Dismissal. An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.
Miss. Sup.Ct. R. 2(a)(1). According to the rules, Mack Kimbrough should have renot-iced the appeal. He first filed notice of appeal on August 31,1992. The motion for a new trial was not overruled by the court until an order was entered on September 15,1992. Thus, our rules require that the appellant renotiee the appeal to this Court or the first notice of appeal has no effect. Furthermore, we require a mandatory dismissal under Rule 2(a)(1). Under the Rules of this Court, Mack Kimbrough’s motions were not timely filed and thus, his appeal is not in the proper procedural posture for consideration of Mack Kimbrough’s assignments of error. '
APPEAL DISMISSED WITH PREJUDICE.
PRATHER and SULLIVAN, P.JJ., SMITH and MILLS, JJ., concur.
BANKS, J., dissents with separate written opinion joined by JAMES L. ROBERTS, Jr., J.
McRAE, J., dissents with separate written opinion joined by DAN LEE, C.J., BANKS and JAMES L. ROBERTS, Jr., JJ.